IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | Case No. BK21-41284 |
| | ) | |
| COREY A. PARKHURST, | ) | |
| | ) | Chapter 7 |
| Debtor, | ) | |
| _____ | ) | _____ |
| | ) | |
| JACK GIRARD, | ) | Adv. Pro. A22-4004 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COREY A. PARKHURST, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the plaintiff's motion for summary judgment (Doc. #12). The plaintiff Jack Girard seeks an order excepting from discharge under 11 U.S.C. § 523(a)(6) the judgment entered in his favor and against the defendant-debtor Corey A. Parkhurst. John Lentz represents the plaintiff. William E. Madelung represents the defendant. Evidence and briefs were submitted. The motion was taken under advisement without oral argument under Nebraska Rule of Bankruptcy Procedure 7056-1. The debt is excepted from discharge because the defendant willfully injured the plaintiff and acted with malice when he purposefully hit the plaintiff multiple times.

**Material Facts to Which There is No Dispute**

The defendant "purposefully" hit the plaintiff multiple times at the Oregon Trail Lounge on January 13, 2011. (Doc. 12-3, Pg. 65-67). As a result the plaintiff was injured and required surgery on his eye. (Doc. 12-3, Pg. 24). The plaintiff continued to have vision problems after the surgery. (Doc. 12-3, Pg. 24).

The defendant was charged with first-degree assault under Neb. Rev. Stat. § 28-308 on July 20, 2011. The jury found the defendant guilty of the lesser-included offense of third-degree assault under Neb. Rev. Stat. § 28-310 on November 4, 2011. (Doc. #12-3, Pg. 13).

The plaintiff filed a complaint against the defendant in the County Court of Scotts Bluff County, Nebraska on March 8, 2013. The plaintiff sought general damages for pain and suffering and special damages for medical bills, lost wages, and travel expenses on account of a civil assault and battery. (Doc. #12-3, Pg. 21). The

defendant did not answer or respond to the complaint. The plaintiff filed a motion for default judgment, which the court granted on February 20, 2014. The court entered judgment in favor of the plaintiff and against the defendant in the amount of $52,000, plus post-judgment interest. (Doc. #12-3, Pgs. 22-26).

## Standard of Review

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c)). When reviewing the evidence offered regarding a motion for summary judgment, the court must make "all reasonable inferences in the light most favorable to the nonmoving party." *Inechien v. Nichols Aluminum, LLC*, 728 F.3d 816, 818 (8th Cir. 2013). But the court must do so "only if there is a genuine dispute as to those facts." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). To create a genuine dispute of material fact, the nonmoving party "must come forward with specific facts showing that there is a genuine issue for trial." *Briscoe v. City. of St. Louis, Missouri*, 690 F.3d 1004, 1011 (8th Cir. 2012).

## Analysis

The plaintiff has the burden to prove the judgment debt he is owed is on account of a "willful and malicious injury." 11 U.S.C. § 523(a)(6). The plaintiff offered evidence in support of the motion. He contends the criminal verdict and civil judgment in state court are preclusive and establish both willfulness and maliciousness. The defendant did not offer any evidence in opposition to the motion, arguing preclusion does not apply.

The bankruptcy court must look to state law to determine the preclusive effect of a judgment. *Jacobus v. Binns (In re Binns)*, 328 B.R. 126, 129 (8th Cir. B.A.P. 2005). The applicability of preclusion is a question of law. *See McGill v. Lion Place Condo. Ass'n*, 864 N.W.2d 642, 650 (Neb. 2015). In bankruptcy cases, preclusion "should be invoked only after careful inquiry because it blocks 'unexplored paths that may lead to truth.'" *Ladd v. Ries (In re Ladd)*, 450 F.3d 751, 755 (8th Cir. 2006) (citing *Brown v. Felsen*, 442 U.S. 127, 132 (1979)). There are two forms of preclusion, claim preclusion and issue preclusion. Claim preclusion cannot apply in this case because the state courts did not determine dischargeability of the debt. *See Wooten v. Donovan (In re Donovan)*, 255 B.R. 224, 227 (Bankr. D. Neb. 2000). Issue preclusion could apply. Under Nebraska law, issue preclusion applies when:

> (1) an identical issue was decided in a prior action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom the doctrine is to be applied was a party or was in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action.

2

*Hara v. Reichert*, 843 N.W.2d 812, 816 (Neb. 2014). The party asserting preclusion has the burden of proving its elements. *Johnson v. Miera (In re Miera)*, 926 F.2d 741, 743 (8th Cir. 1991).

The criminal conviction is not preclusive because it could be based upon reckless conduct. Therefore element one of claim preclusion, the identical issue was decided, is not met. "[D]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Kawaauhau v. Geiger*, 523 U.S. 57, 64, 118 S. Ct. 974, 978 (1998). Although the defendant was charged with assault in the first degree, he was convicted of the lesser-included charge of assault in the third degree. Unlike assault in the first degree, assault in the third degree can apply if the defendant acted only recklessly. *Compare* Neb. Rev. Stat. § 28-308 ("A person commits the offense of assault in the first degree if he or she intentionally or knowingly causes serious bodily injury to another person.") *with* Neb. Rev. Stat. § 28-310 ("A person commits the offense of assault in the third degree if he … Intentionally, knowingly, *or recklessly* causes bodily injury to another person….") (emphasis added).

The civil judgment is not preclusive because it was based upon a default judgment. Element four of issue preclusion, the opportunity to fully and fairly litigate the issue, is not met. While default judgments can be preclusive under claim preclusion, they are not preclusive under issue preclusion, also known as collateral estoppel. "[I]t is generally held that collateral estoppel does not apply even after a judgment by default is entered because no issue of fact or law was actually litigated." *Consteel Erectors, Inc. v. Scharpf's Constr., Inc.*, No. 4:08CV3038, 2008 WL 4568079, at *4, n.9 (D. Neb. Oct. 10, 2008) (citing *Arizona v. California*, 530 U.S. 392, 414 (2000) and *Restatement (Second) of Judgments* § 27, p. 250 (1982)); *see also Young v. Govier & Milone, L.P.*, 835 N.W.2d 684, 696 (Neb. 2013); *Jordan v. LSF8 Master Participation Tr.*, 915 N.W.2d 399, 415 (Neb. 2018) ("The party relying on issue preclusion in a present proceeding has the burden to show that a particular issue was involved and necessarily determined in a prior proceeding."). As explained by the Nebraska Supreme Court, issue preclusion can have a broader effect than claim preclusion:

> Claim preclusion looks to the entire cause of action as opposed to a single issue. Claim preclusion does not require a full and fair opportunity to litigate, whereas issue preclusion does. Claim preclusion bars litigation of matters not actually litigated, whereas issue preclusion applies only to issues actually litigated. Claim preclusion also applies only between the parties (or their privies) who were involved in the prior action, *while issue preclusion may be used by a nonparty in a later action, either offensively or defensively*.

*Hara,* 843 N.W.2d at 817 (emphasis added) (footnotes omitted).

Preclusion does not end the inquiry. The plaintiff offered other evidence, including the plaintiff's affidavit and the defendant's response to requests for admission. The material facts in evidence are not disputed. Although the willful and malicious elements of § 523(a)(6) are not met under preclusion, they are established by the other evidence in the case.

Willful and malicious are separate requirements. The term "willful" in § 523(a)(6) modifies the word "injury" and includes injuries caused by an intentional tort. *See Osborne v. Stage (In re Stage)*, 321 B.R. 486, 492 (B.A.P. 8th Cir. 2005).

> Injury … denotes an invasion of any legally protected interest of another…. [T]here has been an invasion of a legally protected interest which, if it were the legal consequence of a tortious act, would entitle the person suffering the invasion to maintain an action of tort.

*Id*. at 492-93. A willful injury under § 523(a)(6) "denotes an invasion of any legally protected interest," which is the "consequence of a tortious act." *Id*. That the injury could be different than the assailant intended does not make the invasion less willful.

The defendant admits he purposefully hit the plaintiff multiple times. The plaintiff was injured as a result. This purposeful conduct establishes the injury was willful. *See Sells v. Porter (In re Porter)*, 375 B.R. 822, 828 (B.A.P. 8th Cir. 2007) (finding sexual harassment to be willful because the debtor "took *purposeful action*" against the plaintiff). The defendant's conduct constitutes the intentional tort of battery. Battery results "from a defendant's intentional actions directed toward another." *Bergman by Harre v. Anderson*, 411 N.W.2d 336, 339 (Neb. 1987). "A battery requires 'an actual infliction' of an unconsented injury upon or unconsented contact with another." *Id*. The undisputed facts do not establish a defense to the battery.

The undisputed facts also do not establish an intentional or reckless action by the defendant that resulted in an accidental injury. The U.S. Supreme Court held "nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau*, 523 U.S. at 61. It declined to adopt a "more encompassing interpretation [that] could place within the excepted category a wide range of situations in which an act is intentional, but injury is unintended, *i.e.*, neither desired nor in fact anticipated by the debtor." *Id*. at 62. As an example of conduct not encompassed by § 523(a)(6), the court referred to a traffic accident resulting from an "initial intentional act" of "intentionally rotating the wheel of an automobile to make a left–hand turn without first checking oncoming traffic". *Id*. In this case the defendant did not intentionally swing his arms about and accidently hit the plaintiff. The defendant purposefully hit the plaintiff not once, but several times. Injuring the plaintiff was certainly an intended or at least an anticipated consequence of the defendant's actions.

Malice is also established. "Malice" does not require the plaintiff prove "spite, ill will, or a personal animosity", but does require more than a violation of the plaintiff's legal rights. *See Dering Pierson Group, LLC v. Kantos (In re Kantos for Cash Flow Mgmt., Inc*.), 579 B.R. 846, 851 (B.A.P. 8th Cir. 2018).

> To qualify as "malicious," a debtor's actions must be "targeted at the creditor . . . at least in the sense that the conduct is certain or almost certain to cause financial harm."…

4

> The malicious element is satisfied if, in committing the intentional tort, the perpetrator intended the resulting harm, or the harm was substantially certain or nearly certain to result.

*Id*. (internal citations omitted). The facts also establish malice. The debtor struck the plaintiff multiple times, striking the plaintiff at least one time in the eye. Such conduct was, at a minimum, certain or almost certain to cause financial harm to the plaintiff.

"While the Bankruptcy Code is intended to give debtors a fresh start, it is not intended to be a safe haven for intentional tortfeasors." *Loch v. Trout (In re Trout)*, No. A18-4014, 2018 WL 6978270, 2018 Bankr. LEXIS 3763 (Bankr. D. Neb. Nov. 30, 2018) (holding "Swinging a shovel at another person's head is a deliberate act likely to cause physical injury.") (citing *Hartley v. Jones (In re Hartley)*, 869 F.2d 394, 395 n.1 (8th Cir. 1989) (Bowman, J., dissenting)). *see also* Henry J. Sommer, *Consumer Bankruptcy Law and Practice*, § 15.4.3.6 (Willful and Malicious Injury) ("It is clear, at one end of the spectrum, for example, that assault and battery is willful and malicious.").

## Conclusion

The underlying facts are not disputed. The defendant hit the plaintiff multiple times causing serious injury. The evidence established both willfulness and maliciousness under 11 U.S.C. § 523(a)(6). The debt owed to the plaintiff is excepted from discharge. Separate judgment will be entered.

Dated: September 9, 2022

BY THE COURT:

/s/ Brian S. Kruse
Brian S. Kruse
Bankruptcy Judge

Notice given by the Court to:
  \* John Lentz
  William E. Madelung

Movant (\*) is responsible for giving notice to other parties if required by rule or statute.